IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cr 42

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BRYAN JAMISON WATTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Suppress [# 22], filed on June 3, 2018.[1] In the Motion, Defendant moves to suppress evidence he contends was obtained in violation of his rights under the Fourth Amendment. After reviewing the motion, the Court makes the following findings:

**Findings.** On April 3, 2018, the grand jury issued a bill of indictment [# 1] charging Defendant with one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On April 16, 2018, the Court entered a Standard Arraignment Order, which established a scheduling order for the filing of motions in this case. In paragraph 7, the Court gave the following directions:

> 7. **All Other Pretrial Motions:** those specified by Rule 12(b)(1), (2), (3), and (4), Fed. R. Crim. P., must be filed no later than 30 days from the date this order is filed and accompanied by a supporting memorandum of law.

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure provides as follows:

> **(3) Motions That Must Be Made Before Trial.** The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined

---

[1] Defendant failed to comply with the Local Rules by not filing a separate motion and brief, LCrR 47.1(c).

without a trial on the merits:

    **(C)**    suppression of evidence;

Thus, Rule 12(b)(3)(C) provides that a motion to suppress of evidence must be made before trial. Pursuant to the Standing Arraignment Order, this motion must be filed no later than 30 days from the date that the Standing Arraignment Order was filed. On May 3, 2018, the District Court by text order granted Defendant's Motion to Continue Deadline to File Pretrial Motions [# 20]. The District Court gave Defendant through May 30, 2018, to file pretrial motions. Therefore, any motion to suppress was required to be filed on or before May 30, 2018. By filing on June 3, 2018, Defendant's motion to suppress is four (4) days late.

Rule 12(c)(3) provides that if a party does not meet the deadlines for filing a motion pursuant to Rule 12, the motion is untimely. The Court, however, may consider the motion if the party can show good cause for the failure to timely file the motion.

The undersigned has consulted with the District Court concerning the motion. After consultation, the Court has determined to enter an Order denying the motion to suppress without prejudice. The Court will allow Defendant to show good cause, if any, as to why the Court should allow Defendant an extension of the deadline established by the Standing Arraignment Order.

## ORDER

Therefore, the Court **DENIES** the Motion [# 22] without prejudice. Should Defendant determine to refile his motion to suppress, Defendant is hereby required to show good cause, if any exists, as to why an extension of time is necessary for the filing of a

motion to suppress outside of the time established by the Standing Arraignment Order.

Further, the Court **ORDERS** Defendant to comply with LCrR 47.1 in future filings. If Defendant refiles his motion to suppress, it must be filed as a motion with a separate brief. LCrR 47.1(c).

Signed: June 4, 2018

Dennis L. Howell
United States Magistrate Judge